IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE,
AT NASHVILLE

| | |
|---|---|
| SCOTT C. NIGHAN, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>WHOLE FOODS MARKET GROUP, )<br>INC., *et al.* )<br>Defendants. ) | NO. 3:23-cv-00177<br>Judge Richardson<br>Magistrate Judge Holmes |

### PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT

Comes now the Plaintiff, Scott C. Nighan, by and through his counsel, and pursuant to the Federal Rules of Civil Procedure, Rule 15 and L.R. 15.01 moves to amend the Complaint as follows:

### I.

### INTRODUCTION

Plaintiff Scott Nighan was injured upon purchasing a bottle of prosecco and one canned item, placing in a two handled Whole Foods bag and picking up the bag by the handles. The bag failed, the contents dropped to the store floor, the bottle of prosecco shattered and at least one shard of broken glass from the prosecco bottle entered his eye. More than ninety thousand dollars in medical bills have been expended on repairing and restoring a mere twenty percent vision to his eye. It seems at this point in time that the vision in his eye has reached a maximum visibility. The eye still contains the last of 22 stitches, the eyeball is now oval shaped, it is constantly dry among other problems. His vision has been impaired for life. Plaintiff now seeks to maintain his case against Defendant Whole Foods and Defendant Novolex seeking leave of Court to file an amended

1

complaint, inserting new and additional facts upon which a new cause of action is asserted and to clear up any factual issues with respect to the original pleading. See "First Amended Complaint" (hereinafter "FAC"), attached.

## II.

## LEGAL AUTHORITY

The Federal Rules of Civil Procedure, Rule 15(a)(2) states in pertinent part: "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The law has been applied by this Honorable Court as follows:

> "This mandate follows the principle that a plaintiff's claims ought to be decided on the merits "rather than the technicalities of pleadings." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (*quoting Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982)) (cleaned up). Sixth Circuit precedent clearly "manifests liberality in allowing amendments to a complaint." *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (*quoting Janikowski v. Bendix Corp*., 823 F.2d 945, 951 (6th Cir. 1987)) (cleaned up). Absent "any apparent or declared reason," …, the court should adhere to the rules requirement of freely giving leave to amend. *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003). The determination as to whether justice requires permission to amend the pleading is within the district court's sound discretion. *Moore*, 790 F.2d at 559 (internal citations omitted).

*Sorey v. Wilson Cnty. Book Review Comm*., 3:23-cv-00181 (M.D. Tenn. Aug 15, 2023).

While it is not the intention of this movant to extend the discovery period,

> "[d]elay alone does not justify denial of a motion for leave to amend. The Sixth Circuit has made clear that "[d]elay that is not intended to harass the defendant is not in itself a permissible reason to refuse leave to amend." *Parmer v. Globe Industries, Inc*., 914 F.2d 257 (Table), at *3 (6th Cir. 1990) (*citing Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982)); *see also Dassault Systems, SA v. Childress,* 663 F.3d 832, 842 (6th Cir.) (delay and increased costs from having to litigate a dispute that the opposing should reasonably have expected to litigate are not sufficient prejudice)."

2

*Id.* Accordingly, Plaintiff Scott Nighan seeks leave to amend to fully litigate his case against the defendants.

## III.

## THERE ARE NEW AND ADDITIONAL FACTS THAT SUPPORT EXISTING CAUSES OF ACTION AND A NEW CAUSE OF ACTION AGAINST WHOLE FOODS.

In this case, Plaintiff Scott Nighan seeks to amend the original pleading based upon 1) "Defendant Whole Foods Market Group, Inc.'s Responses to Plaintiff's First Set Of Requests For Admission" (hereinafter collectively "Responses" and reference made to each individual "Response") using portions of the Responses including those set forth below. *See* Responses, attached; and 2) "Facts" obtained from the websites of both Defendant Whole Foods and Defendant Novolex set forth below and other websites referenced herein and attached. The facts from the website of Defendant Whole Foods and others make clear that the defendant's sustainability program is so strong and assertive that it is easily and readily inferred they exercised substantial control over all aspects of the design of the Whole Foods bags as it appears to control all of the materials used by its suppliers. The new information strongly supports the previously filed causes of action contained in the original pleading and are incorporated in the First Amended Complaint. *See,* FAC; *see also,* Memorandum of Law In Support Of Plaintiff's Motion For Leave To Amend The Complaint (hereinafter "Memo"), and attachments, filed contemporaneously herewith.

Plaintiff Scott Nighan also alleges a new cause of action against Defendant Whole Foods is based upon a glaring factual allegation by the defendant contained in Defendant Whole Food's Responses, i.e., ""Whole Foods did advise Plaintiff to double-bag his items." Response No. 18. This language not only supports the assertion that Defendant Whole Foods had knowledge of the defective bags that was superior to Plaintiff Scott Nighan, but also supports the negligence claim

3

from undertaking a duty to him negligently resulting in his injury. *Fox v. Amazon.com, Inc.*, 930 F.3d 415, 426 (6th Cir. 2019) (reinstating a tort claim separate from the Tennessee Product Liability Act of 1978 ("TPLA") that arises under the Restatement (Second) of Torts §332.).

Similarly, the Responses from Defendant Whole Foods bolsters the causes of action alleged against Defendant Novolex when viewed with contents buried in its own website that contains cautionary language with respect to both a video and "Soft Loop Bag-Bagging Instructions" about how to safely use the two handled paper bag. Those instructions from Defendant Novolex were never shared by either defendant with Whole Foods customers who were provided the bags by Defendant Whole Foods without the cautionary language. There also were no signs or any other cautionary language for customers to consider before using the bags. These facts support the causes of action against Defendant Novolex because they knew the two-handled bags could fail if not bagged properly or double bagged and did not provide any warning to the ultimate users of the bags making them unreasonably dangerous without any warning. *See, Nye v. Bayer Cropscience, Inc.,* 347 S.W.3d 686, 706 (Tenn. 2011) (Finding that the manufacturer "could have availed itself of alternative means of effectively warning [the ultimate user of the product] and rejecting the argument that the user of the product never saw the boxes used to ship the product and never would have seen any warnings anyway.)

Consequently, this Honorable Court should permit the Plaintiff to file his First Amended Complaint alleging additional facts and asserting a new negligence cause of action against Defendant Whole Foods and inserting new facts against Defendant Novolex.

# IV.

**INQUIRY WAS MADE OF DEFENDANTS AS TO WHETHER OPPOSITION OR NO OPPOSITION WOULD BE MADE TO AMEND THE COMPLAINT.**

On Friday, May 3, 2024, counsel for the defendants were first informed of the intention to file a motion to amend the Complaint by correspondence sent by email. The amended pleading and attachments did not accompany the correspondence as the amended pleading and attachments had not been put in final form. The First Amended Complaint was circulated on the morning of Monday, May 6, 2024. Defendant Novolex did not respond as requested. Whole Foods declined to enter into an agreed order amending the complaint. Accordingly, Plaintiff Scott Nighan seeks leave of this Honorable Court to file his First Amended Complaint.

WHEREFORE, based on the applicable federal and local rules, together with the reasons set forth above and in the memorandum of law filed contemporaneously herewith, along with the First Amended Complaint all exhibits attached and websites contained therein, it is respectfully requested that this Honorable Court grant Plaintiff Scott Nighan's motion for leave to amend the Complaint.

Respectfully submitted,

/s/Gary M. Kellar_____
Gary M. Kellar, Esq., BPR # 016170
Kellar, Johnson & Payne
1300 Division Street, Suite 300
Nashville, TN 37203
Telephone: (615) 988-8112
gkellar@lkellarjohnsonpayne.com
**Attorney for Plaintiff**

/s/Daniel S. Nesheiwat
**Daniel S. Nesheiwat, #036142**
The Nesheiwat Law Group, PLLC
426 Century Court, Suite 102
Franklin, TN 37064
Telephone: (615) 789-5565
**Attorney for Plaintiff**
daniel@neshlawgroup.com


/s/Kent K. Stanley
Kent K. Stanley, #026717
The Law Office of Kent K. Stanley
P.O. Box 1224
Franklin, TN 37065
Telephone: (615) 429-3668
**Attorney for Plaintiff**
kentkstanley@gmail.com


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing has been served via electronic mail in accordance with the Federal Rules of Civil Procedure upon the following person(s) this 7th day of May, 2024:

Barret S. Albritton, Esq.
balbritton@chartwelllaw.com
100 W.MLK Blvd., Ste. 300
Chattanooga, TN 37402

Carl Wyatt, Esq.
cwyatt@gwtclaw.com
Glassman, Wyatt, Tuttle & Cox, P.C.
26 North Second Street
Memphis, TN 38103

this 7th day of May, 2024.

/s/Gary M. Kellar
Gary M. Kellar