IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| SCOTT NIGHAN | ) |
| | ) Case No. 3:23-cv-00177 |
| v. | ) Judge Richardson |
| | ) Magistrate Judge Holmes |
| WHOLE FOODS MARKET GROUP, | ) |
| INC. *et al.* | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are two motions: (1) Plaintiff Scott Nighan's motion for leave to amend the complaint (Docket No. 40), to which Defendant Whole Foods Market Group, Inc. ("Whole Foods") responded in opposition (Docket No. 46), Defendant Novolex Bagcraft, Inc. ("Novolex") responded in opposition (Docket No. 47), and Plaintiff replied in support (Docket No. 48); and (2) Defendant Whole Foods's motion to stay discovery (Docket No. 49), which is represented to be unopposed.

For the reasons that follow, Plaintiff's motion to amend (Docket No. 40) is **DENIED**, and Defendant Whole Foods's motion to stay discovery (Docket No. 49) is **DENIED**.

### I. BACKGROUND

Familiarity with this case is presumed and only those underlying facts and procedural history necessary to give context to or explanation of the Court's ruling are recited.[1]

Plaintiff filed his complaint in the Circuit Court for Williamson County, Tennessee on January 25, 2023. (Docket No. 1-1.) His claims center around an incident that occurred during a visit he made to a Whole Foods Market grocery store in Franklin, Tennessee on January 28, 2022. During this visit, Plaintiff selected "a bottle of prosecco and a single canned item" from the store;

---

[1] The facts are taken from the record and, unless otherwise noted, are largely undisputed for purposes of the pending motions.

brought the items to a self-checkout line; scanned and paid for the items; and placed them in a "dual handled paper bag." (*Id.* at ¶¶ 3–7.) However, Plaintiff asserts that, after he picked up the paper bag, the handles ripped, which caused the glass bottle to drop to the floor and shatter. (*Id.* at ¶¶ 14–17.) He states that glass shards entered his left eye, which caused injuries, including vision loss, eye pain, and emotional trauma. (*Id.* at ¶¶ 19–23.) He asserts that the paper bag was "manufactured by Defendant Novolex for Defendant Whole Foods for the purpose of carrying items purchased by customers of Defendant Whole Foods" and seeks damages related to the incident. (*Id.* at ¶ 8.)

In his complaint, Plaintiff asserts four claims against the defendants: (1) failure to warn against Defendant Whole Foods (*id.* at ¶¶ 29–36); (2) failure to warn against Defendant Novolex (*id.* at ¶¶ 37–44); (3) strict product liability against Defendant Whole Foods (*id.* at ¶¶ 45–54); and (4) strict product liability against Defendant Novolex (*id.* at ¶¶ 55–62). Plaintiff seeks damages for "painful personal and physical injuries," "future loss of vision and future medical care," and specifically seeks a judgment in the amount of $12,000,000.00 in compensatory damages. (*Id.* at ¶¶ 63–65.)

On February 28, 2023, Defendant Novolex removed the matter to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1132(a)(1), 1132(c) "as the suit is between citizens of different states, and as the amount in controversy allegedly exceed the sum of $75,000 exclusive of interests and costs." (Docket No. 1-1 at ¶ 12.) Defendant Novolex filed its answer to the complaint on March 7, 2023 (Docket No. 8) and Defendant Whole Foods filed its answer to the complaint on March 28, 2023 (Docket No. 10).[2]

---

[2] Defendant Whole Foods filed another answer on May 1, 2023 (Docket No. 12), which appears to be largely the same as its previously filed answer, though it contains a case caption for

2

The Court entered an initial case management order on May 7, 2023, which set December 6, 2023 as the deadline for any motions to amend or to add parties. (Docket No. 21 at ¶ H.) The parties moved to amend the initial case management order on several occasions following the deadline for motions to amend, but never moved to amend that particular deadline.

Over one year after the case was removed to this Court, Defendant Whole Foods filed a motion for judgment on the pleadings. (Docket No. 36.) In its April 15, 2024 motion, Defendant Whole Foods asserts that Plaintiff's product liability claims against it should be dismissed because Defendant Whole Foods did not manufacture or sell the paper bags at issue. (*Id.*) That motion is fully briefed and remains pending.

A few weeks later, on May 7, 2024, Plaintiff filed the instant motion for leave to amend the complaint. (Docket No. 40.) Plaintiff's proposed amended complaint contains the following: (1) revised and new factual allegations related to the incident at issue (Docket No. 40-4 at ¶¶ 4–33); (2) new "general allegations" related to Defendant Whole Foods's sustainability practices, its design of the paper bags at issue in the litigation, its training of its employees, and other general practices (*id.* at ¶¶ 34–53); (3) new "general allegations" related to Defendant Novolex's manufacturing practices and its provision of instructions and warnings (*id.* at ¶¶ 54–64); (4) revised allegations against Defendants for failure to warn and strict product liability (*id.* at ¶¶ 65–115); and (5) a new cause of action against Defendant Whole Foods for "negligently undertaking a duty to warn" (*id.* at ¶¶ 116–20). Plaintiff describes his proposed amendments as "inserting new and additional facts upon which a new cause of action is asserted," all of which should "clear up any factual issues with respect to the original pleading." (Docket No. 40 at 1–2.)

---

the "Circuit Court for Williamson County, Tennessee." The Court is uncertain why this separate answer was filed.

The Initial Case Management Order entered on July 7, 2023, also set an original deadline of April 12, 2024 for the parties to complete discovery. (Docket No. 21 at ¶ G.) Later, the Court granted an extension for completion of discovery to June 11, 2024. (Docket No. 35.) However, that extension was not granted until April 15, 2024 (Docket No. 35), the same date on which Defendant Whole Foods filed its motion for judgment on the pleadings (Docket No. 36).

On May 24, 2024, Defendant Whole Foods file a motion to stay discovery in which it asks the Court to stay discovery pending resolution of its motion for judgment on the pleadings and Plaintiff's motion for leave to amend the complaint. (Docket No. 49.) Defendant Whole Foods argues that a stay of discovery would "sav[e] the parties unnecessary expense and prevent imposition of an undue burden by continuing to take discovery." (*Id.* at 1.) Defendant Whole Foods states that all parties agree to the relief sought in its motion. (*Id.* at 1.)

## II. LEGAL STANDARD AND ANALYSIS

### A. Plaintiff's Motion for Leave to Amend the Complaint (Docket No. 40)

Although the Sixth Circuit has not directly addressed whether a motion to amend is a dispositive or non-dispositive motion, most district courts in the Sixth Circuit, including this court, consider an order on a motion to amend to be non-dispositive. *See, e.g.*, *Gentry v. The Tenn. Bd. of Jud. Conduct*, No. 3:17-cv-00020, 2017 WL 2362494, at *1 (M.D. Tenn. May 31, 2017) ("Courts have uniformly held that motions to amend complaints are non-dispositive matters that may be determined by the magistrate judge and reviewed under the clearly erroneous or contrary to law standard of review . . .") (citations omitted); *Elliott v. First Fed. Comm. Bank of Bucyrus*, 821 F.

4

App'x 406, 412–13 (6th Cir. 2020) (referring generally to motion for leave to amend as non-dispositive motion).[3]

Leave to amend a pleading generally should be "freely given when justice so requires," which "reinforce[s] the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" Fed. R. Civ. P. 15(a)(2); *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982)). However, the Supreme Court has indicated that, although the moving party "ought to be afforded an opportunity to test [its] claim on the merits," one or more of the following conditions may negate this directive: undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, or futility of the proposed amendment. *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 383 (6th Cir. 1993) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "In general, the Sixth Circuit is 'very liberal' in permitting amendments." *United States ex rel. American Textile Mfrs. Inst., Inc. v. The Limited, Inc.*, 179 F.R.D. 541, 550 (S.D. Ohio, 1998), *aff'd.* 190 F.3d 729 (6th Cir. 1999).

Notwithstanding this liberality, when a motion to amend is filed after the scheduling order's deadline to do so, the moving party must demonstrate "good cause" under Rule 16(b) before a court may consider if an amendment is proper under Rule 15(a). *See Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003). The "good cause" requirement is "a threshold that requires late-moving litigants to show that despite their diligence they could not meet the original deadline." *Shane v. Bunzl Dist. USA, Inc.*, 275 F. App'x 535, 536 (6th Cir. 2008) (quoting *Leary*, 349 F.3d at 907) (cleaned up). In determining whether good cause exists, the "overarching inquiry" is whether the

---

[3] Nevertheless, should the District Judge disagree that a motion for leave to amend is non-dispositive, the undersigned respectfully submits this portion dealing with the motion to amend as a report and recommendation.

moving party was diligent in attempting to meet the Court's deadlines. *Marie v. Am. Red. Cross*, 771 F.3d 344, 366 (6th Cir. 2014) (quoting *Bentkowski v. Scene Magazine*, 637 F.3d 689, 696 (6th Cir. 2011)). "Where the [moving party's] explanation for the delay is simply insufficient or not credible, it is appropriate for the court to deny the motion for leave to amend." *Stewart v. King*, No. 3:09–cv–21, 2011 WL 237678, at *5 (M.D. Tenn. Jan. 24, 2011) (citing *Korn v. Paul Revere Life Ins. Co.*, 382 F. App'x 443, 449 (6th Cir. 2010); *Commerce Benefits Grp. v. McKesson Corp.*, 326 F. App'x 369, 376 (6th Cir. 2009)).

In support of his motion, Plaintiff argues that there are "new and additional facts" that support his request to amend existing allegations and assert new ones. (Docket No. 40 at 3.) However, Plaintiff fails to adequately address the fact that the deadline to amend passed on December 6, 2023 and to detail why "good cause" exists under Rule 16(b) to permit his tardy amendment. As detailed below, the Court finds that Plaintiff has not established that he was diligent in meeting the December 6, 2023 deadline to amend. Instead, the Court finds that Plaintiff's explanations for his delay to move to amend are insufficient. Therefore, the Court must deny Plaintiff's motion.

Instead of focusing on the "good cause" standard of Rule 16(b) and explaining to the Court why he could not have met the original deadline to amend, Plaintiff emphasizes the merits of his proposed new allegations. Such an explanation is unhelpful to the Court, which is tasked with determining whether Plaintiff was diligent in meeting the December 6, 2023 deadline to move to amend. To support his motion, Plaintiff points largely to two sources of information: (1) Defendant Whole Foods's responses to Plaintiff's requests for admission (Docket No. 40-1 at 3–7 (citing Docket No. 40-3)); and (2) various websites related to both defendants (*id.* at 3–4, 7–13).

6

Neither source supports an argument of "good cause" under Rule 16(b) because Plaintiff either had the information within the source or could have easily accessed that information long before the December 6, 2023 deadline to amend. With respect to the responses to requests for admission, Defendant Whole Foods served these on Plaintiff on February 27, 2023 – approximately ten months before the deadline to amend and over one year before Plaintiff moved to amend his complaint.[4] Plaintiff does not address the large gap in time between when he received this information and when he moved to amend his complaint. As for the websites, Plaintiff could have ostensibly accessed these before the deadline to move to amend expired. He offers no explanation to the contrary. Accordingly, the Court finds that Plaintiff's reliance on these two sources of information fails to explain why he was unable to move to amend prior to the deadline.

In addition, the timing of Plaintiff's motion for leave to amend further evidences that "good cause" does not exist under Rule 16(b). In his reply, Plaintiff suggests that he moved for leave to amend his complaint in response to Defendant Whole Foods's pending motion for judgment on the pleadings. (Docket No. 48 at 3.) He asserts that he did so "to address any potential factual issues regarding the adequacy of the complaint" and not to "insert new factual allegations with respect to the incident." (*Id.*) He goes on to say that he has not been "dilatory in pursuing his case" because his injuries were not at maximum medical improvement until recently, which delayed the progress of discovery. (*Id.*) However, this explanation for the overall delay in the case's progress does not explain why Plaintiff failed to move to amend prior to the deadline. As discussed above,

---

[4] Defendant Whole Foods argues that "discovery answered in state court . . . is inapplicable in this action." (Docket No. 46 at 6.) Plaintiff disagrees. (Docket No. 48 at 5.) Because the Court finds that the responses to requests for admission do not support "good cause" because of the date on which they were served, the Court does not need to evaluate the contents of the responses. Accordingly, the Court will not address the parties' disagreement over whether the responses are "inapplicable" in this action.

the information on which Plaintiff supports his motion was readily available since the beginning of this litigation. Further, Plaintiff offers no evidence to show that he could not have "address[ed] any potential factual issues regarding the adequacy of the complaint" prior to the December 6, 2023 deadline. To the extent that there are "potential factual issues" with Plaintiff's complaint, those issues existed prior to December 6, 2023 and the Court finds no reason why Plaintiff could not have requested leave to amend before that date.[5] Because the Court finds no good cause under Rule 16(b) to extend the amendment deadline to permit Plaintiff to now move to amend his complaint, the Court need not consider whether the amendment would be proper under Rule 15(a). *See Leary*, 349 F.3d at 906.

For these reasons, Plaintiff's motion for leave to amend the complaint (Docket No. 40) is denied.

**B.     Defendant Whole Foods's Motion to Stay Discovery (Docket No. 49)**

The decision to stay discovery is context specific and not subject to uniform rules. *Harmer v. Cannata*, No. 3:22-cv-00976, 2023 WL 2228958, at *1 (M.D. Tenn. Feb. 24, 2023); *Bridgestone Americas, Inc. v. Int'l Bus. Machines Corp.*, No. 3:13-CV-1196, 2016 WL 11786196, at *1 (M.D. Tenn. July 6, 2016) (compiling cases "illustrative of the wide discretion enjoyed by district courts in deciding whether to grant a stay of merits discovery while a dispositive motion is pending").

As this Court has previously noted, the Federal Rules of Civil Procedure do not specifically provide for a "Motion to Stay Discovery." *Cockrill v. Mortg. Electronic Registration Sys.*, No. 3:13–0031, 2013 WL 1966304 at *2 (M. D. Tenn. May 10, 2013). However, several courts have essentially held that a motion to stay discovery should be viewed as a motion for protective order

---

[5] To be clear, the Court expresses no opinion on the merits of the motion for judgment on the pleadings. Rather, the Court simply finds that Plaintiff's ostensible reasons for waiting to amend his complaint until the filing of a motion for judgment on the pleadings are unavailing.

under Rule 26(c)(1), which seeks to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. *Id.* Accordingly, parties seeking a protective order have the burden to show "good cause." *In re Skelaxin Metaxalone Antitrust Lit.*, 292 F.R.D. 544, 549–50 (E. D. Tenn. 2013).

To show "good cause," the moving party must articulate specific facts that show a clearly defined and serious injury resulting from the discovery sought; mere conclusory statements will not be sufficient. *Id.* at 549. Rule 26(c) "assumes that a party has the right to issue a discovery request in the first place." *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir 2001) (citing *Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987)). Accordingly, "good cause" will not be shown merely because the disputed discovery may be inconvenient or expensive. *Isaac v. Shell Oil Co.*, 83 F.R.D. 428, 431 (E.D. Mich. 1979) (citing *United States v. American Optical Co.*, 39 F. R. D. 580 (N.D. Cal. 1966)). In addition, the Local Rules of this Court provide that "[d]iscovery is not stayed, including during the pendency of dispositive motions, unless specifically authorized by Fed. R. Civ. P. 26(d) or by order of the Court." Local R. 16.01(g).

In its motion, Defendant Whole Foods asks the Court to stay discovery pending resolution of its motion for judgment on the pleadings and Plaintiff's motion for leave to amend the complaint. (Docket No. 49) However, the Court finds that Defendant Whole Foods has not demonstrated "good cause" to stay discovery in this action pending resolution of either motion. Plaintiff's motion for leave to amend the complaint is not a basis to stay discovery under any circumstances, because that motion is denied, as set forth above, and additional discovery is neither necessary nor warranted.

With respect to Defendant Whole Foods's own motion for judgment on the pleadings, the "mere fact that a party has filed a case-dispositive motion is usually deemed insufficient to support

9

a stay of discovery." *Collabera, Inc. v. Liggett*, No. 3:21-cv-00123, 2021 WL 6496801, at *1 (M.D. Tenn. Jun. 21, 2021) (quoting *Stirling v. Hunt*, No. 12-2737, 2012 WL 12899060, at *1 (W.D. Tenn. November 15, 2012)). *See also Ohio Bell Telephone Co., Inc. v. Global NAPs Ohio, Inc.*, No. 2:06-cv-0549, 2008 WL 641252, at *1 (S.D. Ohio Mar. 4, 2008) ("[O]ne argument that is usually deemed insufficient to support a stay of discovery is that a party intends to file, or has already filed, a case-dispositive motion."). The timing of this case, including of Defendant Whole Foods' motion for judgment on the pleadings, dictate against any stay of discovery.

Defendant Whole Foods filed its motion for judgment on the pleadings more than four months after the deadline for pleadings amendments; that is, more than four months after the pleadings were closed. Additionally, Defendant Whole Foods' motion for judgment on the pleadings was filed on April 15, 2024, after the original discovery completion deadline of April 12, 2024. *See* Docket No. 21 at ¶ G. The Initial Case Management Order also expressly instructed the parties to promptly proceed with written discovery and scheduling of depositions and provided that "discovery is not stayed during dispositive or other motions, unless ordered by the Court." (*Id.*) After initially denying Plaintiff's motion to extend the discovery and other deadlines for a lack of good cause (Docket No. 32), the Court ultimately granted various extensions (Docket No. 35), including for completion of discovery to June 11, 2024. But that extension was not granted until April 15, 2024 (Docket No. 35), the same date on which Defendant Whole Foods filed its motion for judgment on the pleadings. In other words, under the original case management schedule, discovery ought to have been completed by the time Defendant Whole Foods filed its motion for judgment on the pleadings.

Further, as Defendant Whole Foods' supporting memorandum argues, motions for judgment on the pleadings are reviewed under the same standard applicable to Rule 12(b)(6)

motions to dismiss for failure to state a claim (Docket No. 37 at 3-4), which, of course, can be filed much earlier in a case. This action was pending in this Court for some 15 months before Defendant Whole Foods sought dismissal of Plaintiff's complaint on grounds of sufficiency of the pleadings.

Defendant Whole Foods offers minimal details of the extent to which the parties attempted to meet the original – or even extended – deadlines. Had the parties complied with the Court's instructions to promptly proceed with discovery and scheduling of depositions, there would presumably be little, or perhaps no, additional discovery necessary at this juncture. To the extent that the parties ignored the Court's explicit instructions, they did so at their own peril. Accordingly, the Court finds that Defendant Whole Foods has failed to show that there is "good cause" to stay discovery, notwithstanding the lack of opposition by the other parties.

For these reasons, Defendant Whole Foods's motion to stay discovery (Docket No. 49) is denied. The requirements for discovery – including that the parties must complete all written discovery and depose all fact witnesses on or before June 11, 2024, as set forth in the Third Modified Case Management Order (Docket No. 35) – remain in full force and effect.

### III. CONCLUSION

Based on the foregoing, Plaintiff's motion for leave to amend the complaint (Docket No. 40) is **DENIED** and Defendant's motion to stay discovery (Docket No. 49) is **DENIED**.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge